**IT IS ORDERED**

**Date Entered on Docket: February 28, 2018**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

CECELIO R. GONZALES
*aka* Bobby Gonzales

       Debtor.         Case No. 13-17-11594-TL

## STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to U.S. Bank National Association, filed on December 7, 2017, (DOC 34) (the "Motion") by U.S. Bank National Association ("U.S. Bank"), and the Debtor's Response to Motion for Relief (the "Objection") filed on December 29, 2017 (DOC 37). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

    a. On December 7, 2017, U.S. Bank served the Motion and a notice of the Motion (the "Notice") on R Trey Arvizu, III, Attorney for Debtor and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the

transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) Cecelio R. Gonzales, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    b.    The Motion relates to the property located at 1713 Princess Jeanne Drive Las Cruces, New Mexico 88001, more fully described as:

> Lot 5, Block D of Dale Bellamah Addition Amended Plat filed November 30, 1951 Amended November 3, 1952, located in the City of Las Cruces, Dona Ana County, New Mexico, as shown on the plat thereof filed for record in the office of the County Clerk of said County, Plat Numbers 396 and 396A.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

    c.    The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

    d.    The Notice was sufficient in form and content;

    e.    The objection deadline expired on January 1, 2018;

    f.    On December 29, 2017 the Debtor filed an Objection to the Motion;

    g.    As of February 1, 2018, neither the Trustee nor any other party in interest filed an objection to the Motion;

    h.    The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered CitiFinancial's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

    The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on U.S. Bank's Note (the "Note") and Deed of Trust for December 1, 2017 through February 1, 2018, being three (3) payments of $513.92 each, minus a suspense of ($107.34), **for a total post-petition payment arrearage amount through February 9, 2018 of $1,434.42**.

2. The first payment of $239.07 is due by March 15, 2018, the second payment of $239.07 is due by April 15, 2018, the third payment of $239.07 is due by May 15, 2018, the fourth payment of $239.07 is due by June 15, 2018, the fifth payment of $239.07 is due by July 15, 2018, and the final payment of $239.07 is due by August 15, 2018. **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $1,434.42 by August 15, 2018**. These payments shall include the loan number and will be made in certified funds and will be delivered to:

> U.S. Bank Home Mortgage, a division
> of U.S. Bank National Association
> 4801 Frederica Street
> Owensboro, Kentucky 42301

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $513.92 as they come due (unless otherwise notified by U.S. Bank), commencing with the February 1, 2018 payment and continuing thereafter.

3. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon

the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that U.S. Bank may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that U.S. Bank may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to U.S. Bank pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by U.S. Bank for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in U.S. Bank's Note and Mortgage. Said property is located at 1713 Princess Jeanne Drive, Las Cruces, New Mexico 88001 (the "Property"), more fully and completely described as:

> Lot 5, Block D of Dale Bellamah Addition Amended Plat filed November 30, 1951 Amended November 3, 1952, located in the City of Las Cruces, Dona Ana County, New Mexico, as shown on

>   the plat thereof filed for record in the office of the County Clerk of said County, Plat Numbers 396 and 396A.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes.  If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and U.S. Bank may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to U.S. Bank pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to U.S. Bank after sale of the Property shall be set forth in an Amended Proof of Claim filed by U.S. Bank and shall be subject to the Bankruptcy Code should this bankruptcy continue.  If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and U.S. Bank may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

8015-076-B 6172109.doc mdb       5

Case 17-11594-t13   Doc 41   Filed 02/28/18   Entered 02/28/18 14:25:11 Page 5 of 6

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By   /s/ Andrew Yarrington
    Andrew Yarrington
    Attorneys for U.S. Bank
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Andrew.Yarrington@roselbrand.com


APPROVED BY:

By *Approved Via Email 2/14/2018*
    R Trey Arvizu, III
    Attorney for Debtor
    PO Box 1479
    Las Cruces, NM 88004-1479
    Telephone: 575-527-8600
    E-mail: trey@arvizulaw.com


By  *Approved Via Email 2/21/2018*
    Tiffany M. Cornejo,
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

COPY TO:

Cecelio R. Gonzales,
Debtor
1713 Princess Jeanne
Las Cruces, NM 88001